RECEIVED
IN LAKE CHARLES, LA.

JUN - 6 2013

TONY R. MOORE, CLERK
BY_____
                        DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| CARL MOSS, ET AL | : | DOCKET NO. 2:12-CV- 2942 |
| VS. | : | JUDGE MINALDI |
| KOHL'S DEPARTMENT STORES, INC. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court is a Motion for Summary Judgment [Doc. 4], filed by the defendant, Kohl's Department Stores ("Kohl's"). The plaintiffs, Carl and Iryna Moss, filed an opposition [Doc. 6], and Kohl's filed a reply [Doc. 9]. As the court finds the motion is fully briefed, it is ripe for review. For the foregoing reasons, Kohl's Motion for Summary Judgment is GRANTED.

## FACTUAL BACKGROUND

This case arises from Kohl's alleged failure to "return money owed, refund tax money wrongfully withheld, or fix or replace things that [Kohl's] damaged."[1] The plaintiffs originally filed suit in the Fourteenth Judicial Court of Calcasieu Parish, Louisiana, on October 1, 2012, and Kohl's subsequently removed the case to this court, alleging that this court had jurisdiction over the matter under 28 U.S.C. § 1331 because the plaintiffs were alleging a violation of the Federal Fair Credit Billing Act.[2]

---

[1] Pls.' Compl., [Doc. 1-2] at p. 1.

[2] Not. of Removal, [Doc. 1].

The relevant facts are as follows: the plaintiffs purchased $4,784.27 worth of merchandise from Kohl's, and then returned the merchandise in May 2012 to the Lake Charles area Kohl's store.[3] This amount was credited to the plaintiff, Iryna Moss's, charge account. The plaintiffs requested a refund check, and before Kohl's issued the check, the plaintiffs filed suit, apparently because Kohl's had not refunded their money quickly enough. Kohl's issued a check for $4,784.27 to the plaintiffs in November 2012, roughly a month after the plaintiffs filed suit.[4] After the plaintiffs refused to cash the $4,784.27 refund check, the parties conducted limited discovery to ascertain what additional damages the plaintiffs were seeking. In the form of additional damages, the plaintiffs asserted in their Interrogatory responses they were seeking $90.90 in returned taxes, "interest" on the original $4,784.27 amount, and approximately $400 for merchandise repair.[5] Kohl's asserts that its counsel offered to pay these additional sums in order to settle the matter, but the plaintiffs refused.

Kohl's now moves for summary judgment, asserting that there are no genuine issues of material fact, and that this court should issue an order declaring that the plaintiffs are limited to their damages mentioned *supra.*

## MOTION FOR SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is

---

[3] Aff. of Wallace Crosno, Ex. A to Def.'s Mot. for Summ. J., [Doc. 4-2], at ¶ 4.

[4] *Id; see also* "Iryna Moss Balance Refund Letter" and Check, Ex. B to Def.'s Mot. for Summ. J., [Doc. 4-3] at pp. 14, 16.

[5] "Responses to Interrogatories," Ex. B to Def.'s Mot. for Summ. J., [Doc. 4-3] at p. 1.

initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant satisfies this burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* (quoting *Celotex*, 477 U.S. at 323). In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the record as a whole "could not lead a rational finder of fact to find for the non-moving party…" *Id.*

## LAW AND ANALYSIS

The plaintiffs assert that they are bringing their claim under the Fair Credit Billing Act. The portion of the Fair Credit Billing Act they allege Kohl's has violated is the "Treatment of Credit Balances" provision:

> Whenever a credit balance in excess of $1 is created in connection with a consumer credit transaction through (1) transmittal of funds to a creditor in excess of the total balance due on an account, (2) rebates of unearned finance charges or insurance premiums, or (3) amounts otherwise owed to or held for the benefit of an obligor, the creditor shall—
>
> (A) credit the amount of the credit balance to the consumer's account;
>
> (B) refund any part of the amount of the remaining credit balance, upon request of the consumer; and
>
> (C) make a good faith effort to refund to the consumer by cash, check, or money order any part of the amount of the credit balance remaining in the account for more than six months, except that no further action is required in any case in

3

which the consumer's current location is not known by the creditor and cannot be traced through the consumer's last known address or telephone number.

15 U.S.C. §1666(d). Kohl's avers that there are no genuine issues of material fact because Kohl's has offered to pay the plaintiffs all the sums they claimed in their Interrogatory responses, including the $90.90 in returned taxes, judicial and legal interest, and $400 for the repairs of two rings. In the plaintiffs' opposition brief, they acknowledge that Kohl's has attempted to send them a refund check for the $4,784.27, but that they were "not interested in a partial settlement," so they refused the check. They further argue that the additional amounts (interest, repairs for rings, refund of taxes) are "disputed," and thus summary judgment is not proper. The plaintiffs appear to admit that these amounts were offered to them via a settlement offer from Kohl's, but that the plaintiffs did not accept the settlement because the settlement agreement contained "conditions of Confidentiality provision and a Voluntary Stay-away from Kohl's store provision that were not acceptable to plaintiff."

The uncontested evidence shows that Kohl's has attempted to pay all amounts requested by the plaintiffs in their Interrogatory responses, but the plaintiffs have refused this offer simply because they wanted a payment of all damages sought "without conditions." While the plaintiffs make the conclusory argument that there are disputed issues of fact on certain amounts owed, the record shows that this is incorrect: Kohl's is offering to pay these amounts. Accordingly,

**IT IS ORDERED** that Kohl's Motion for Summary Judgment is **GRANTED**. The plaintiffs are limited to the recovery of their damages as stated in their Interrogatory responses, which includes the $4,784.27, $90.90 in returned taxes, $400 in ring repair, and legal interest from the date of demand. Upon proof from the parties that Kohl's has paid these amounts, this case shall be **DISMISSED WITH PREJUDICE.**

Lake Charles, Louisiana, this _____ day of _____ 2013.

_____
PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE